UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 11-20781
Honorable Thomas L. Ludington

v.

GARY DANIEL HOIG,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REMAND**

Defendant Gary Daniel Hoig was charged in state court with resisting and obstructing a police officer and as a felon in possession of a firearm, and he was offered an indeterminate plea agreement for 42–120 months in prison. Defendant rejected the offer, the state charges were dropped, and he was indicted and charged in federal court. His federal plea offer is 180–210 months. Defendant filed a motion to remand the case to state court so he can accept the previous offer. For the reasons that follow, Defendant's motion will be denied.

**I**

During the ten-year span from 1981 to 1991, Defendant was convicted of three separate violent crimes. Upon his third conviction in 1991, he was incarcerated for seven years. Since his release in 1998, Defendant's only charges involve misdemeanor traffic and drug/alcohol offenses. That is, until his charges in this case.

In the fall of 2011, Defendant was living with his mother in Isabella County, Michigan. In early October, she found an automatic rifle Defendant was hiding in her home, and she contacted the Isabella County Police. The weapon was a CN Romarm, 7.62 x 39 millimeter caliber, also known as an AK-47. Defendant was arrested and charged in Michigan State Court

as a felon in possession of a firearm, and with resisting and obstructing a police officer in Isabella County.

Defendant was arraigned on October 5, 2011, and retained Marie Day-Winters as defense counsel. He was then released on bond. The prosecutor extended Defendant a plea offer with a recommendation of four and a half years in prison. Ms. Day-Winters informed the Defendant of the offer, and he was assured that if he did not plead guilty in state court, the federal prosecutor would seek an indictment in federal court. According to Defendant, Ms. Day-Winters did not calculate and then advise him about his potential exposure under the federal sentencing guidelines, and he rejected the offer.

During a pre-trial conference on November 2, 2011, the Isabella County Prosecutor offered Defendant a plea agreement for an indeterminate sentence of three and one-half years to ten. Defendant rejected that offer as well, and a trial date was set.

Defendant subsequently failed to appear for his state court preliminary examination and the state charges were dismissed. He was then charged by indictment in federal court as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States offered Defendant a Rule 11 plea agreement governed by the federal sentencing guidelines. The plea offer contemplates a sentence between 180 to 210 months in prison, with a minimum sentence of fifteen years given Defendant's criminal history. If convicted at trial, Defendant faces 235 to 293 months.

Defendant filed a motion to remand the case to state court, alleging his constitutional rights have been violated — that he received ineffective assistance of counsel during his state court proceedings. An evidentiary hearing was held concerning the motion on October 16, 2012. At the hearing, Ms. Day-Winters testified concerning her involvement with Defendant's state

case. She established that before November 7, 2011, there was nothing concrete identifying what a federal indictment would look like, and based on the merits of the case, she and Defendant decided to reject the plea offer.

Ms. Day-Winters testified that on November 2, 2011 she received an email from an AUSA about the case. She did not actually read the email until November 7, but at that time Ms. Day-Winters learned that the mandatory minimum sentence Defendant would face in federal court was fifteen years. She called Defendant, read him the email over the telephone, and mailed a copy to his P.O. Box. Ms. Day-Winters then testified that on December 21, 2011, she spoke at length with Defendant about his case, and potential federal exposure. Defendant still refused to accept the state plea offer.

After his federal indictment, ATF agents read Defendant his rights and recorded a conversation they had with him while transporting him to a federal hearing on Feburary 17, 2012. The government offered portions of the recording at the hearing. Defendant told the agents that he knew if he did not take the state's offer, the case would be turned over to the "feds." He also disclosed the fact that Ms. Day-Winters told him about the email from the federal prosecutor, and also that if he did not take the state plea, he was "looking at fifteen year mandatory." Defendant told the agents, "I didn't want to take their plea."

## II

It should be noted at the outset that this Court does not have authority to remand Defendant's case to state court. *United States v. McConer*, 530 F.3d 484, 494 (6th Cir. 2008). The Sixth Circuit has consistently maintained that "a federal district court lacks jurisdiction to 'remand' a criminal case to state court to remedy constitutional errors." *Id.* (quoting *United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006).

However, if Defendant was denied his Sixth Amendment right to effective counsel during state proceedings, there are remedies available. To establish an ineffective assistance of counsel claim, Defendant must satisfy a two-part test: a showing that counsel's performance was constitutionally deficient, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 648, 687 (1984). This test was then applied in the context of plea offers in *Hill v. Lockhart*, 474 U.S. 52 (1985). Accordingly, to satisfy his burden, Defendant must show he was not advised of plea offers and the potential penalties associated, and the likelihood that he would have pleaded guilty upon receipt of that advice. *Morris*, 470 F.3d at 602 (citing *Griffin v. United States*, 330 F.3d 733, 738 (6th Cir. 2003)).

In *Morris*, the defendant rejected a plea offer in state court that was made after he was charged with three firearm and drug related crimes. *Id*. at 598. The defendant was advised by an inexperienced attorney, who was misinformed by an AUSA, that his federal sentence would be from 62 to 68 months. *Id*. On this information, the defendant rejected the state's plea, anticipating being indicted in federal court. *Id*. "As it turned out, the estimate was incorrect. [The defendant] was in fact subject to a federal guidelines range of 90 to 97 months if he pled guilty, or 101 to 111 months if he did not." *Id*. at 599.

The Sixth Circuit found the defendant had suffered from ineffective assistance, and that the USAO had "made itself a party to the state court plea offer." *Id*. at 600. Based on those factors, the Sixth Circuit concluded the district court did "have authority to dismiss the federal indictment in order to remedy the constitutional violation." *Id*. at 603.

### III

In this case, Defendant *was* advised concerning the plea offer that had been offered — numerous times. Defendant was not erroneously advised of his exposure, as in *Morris*.

Defendant was informed, in fact assured, that if he did not accept the state deal, he would face federal indictment. Defendant also was told he would face a fifteen-year mandatory minimum under a federal charge.

In *McConer*, the defendant was told he could avoid having his case indicted in federal court if he accepted a state court plea offer. 530 F.3d at 494. "He opted not to." *Id*. The defendant was then told that the state's offer would lapse if he was prosecuted in federal court, and that he *would* be prosecuted in federal court if he did not accept the offer. *Id.* "He still chose not to enter a plea. He was represented by effective counsel during this entire exchange." *Id*. The defendant's attorney did not tell him what his federal sentencing exposure would be, but simply that if he did not accept the state plea, "the Feds were coming for him." *Id*. at 490. The court found this was constitutionally effective representation. *Id*. at 494.

Defendant received superior representation during his state plea negotiation. His attorney, Ms. Day-Winters, advised him of the state's offer. She also assured Defendant that if he did not plead in state court, the "United States Attorney would seek an indictment in Federal Court for Felon in Possession of a Firearm." ECF No. 18, Ex. 1. Defendant was also told, on multiple occasions, he would face a sentence of at least fifteen years in federal court. This is constitutionally adequate representation, and as in *McConer*, "there [is] no wrong for the district court to remedy." 530 F.3d at 494.

Defendant's reliance on *Moss v. United States*, 323 F.3d 445 (6th Cir. 2003); *Smith v. United States*, 348 F.3d 545 (6th Cir. 2003); *Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. 2001); *United States v. Gordon*, 156 F.3d 376 (2d Cir. 1998); and *United States v. Day*, 969 F.2d 39 (3d Cir. 1992) for the proposition that Ms. Day-Winters' representation was ineffective is misplaced.

In *Moss*, the defendant was indicted in federal court, received a plea offer in federal court, and his attorney provided competent advice. *348* F.3d at 450, 475. In *Smith*, the defendant was again indicted and offered a plea in the federal system. 348 F.3d at 548. The court found it was unclear whether the defendant was given proper guidance from his attorney, and decided he should have been provided an evidentiary hearing to develop a record. *Id*. at 554. Neither of these cases supports Defendant's position that his Ms. Day-Winters' representation was deficient.

The defendant's attorney in *Magana* told him he was going to get ten years in prison whether he went to trial or pled. 263 F.3d at 550. In reality, the defendant faced two *consecutive* ten to twenty year sentences: up to forty years in prison. *Id.* at 545. The defendant relied on the attorney's "gross misadvice," rejected the plea, and went to trial. *Id*. at 550. Defendant in this case did not rely on any misstatements. He was advised, accurately, that if he did not enter a guilty plea in state court, he would be indicted in federal court.

*Gordon* and *Day* are similarly distinguishable from this case. In *Gordon*, the defendant's attorney represented he would not face more than 120 months if convicted at trial. 156 F.3d at 377. After conviction, based on the federal guidelines, the defendant's sentence ranged from 262 to 327 months. *Id*. In *Day*, the defendant's counsel advised him he could not receive more than eleven years upon conviction. 969 F.2d at 40. The guidelines called for a sentence ranging from 262 to 327 months. *Id.* at 41. As with *Magana*, the defendants in these cases detrimentally relied on material misstatements concerning their sentencing exposure. That is not the case here.

Further, even if Defendant's state plea negotiations could be considered a violation of his rights, dismissal of the federal indictment would not be appropriate "because the federal government was not involved in any supposed violation." *McConer*, 530 F.3d at 494. Only

when the USAO is a party to the offer is the district court "justified in enforcing the plea offer . . . based on traditional principles of contract law." *Id.* (quoting *Morris*, 470 F.3d at 600). A defendant, having rejected a state plea offer, is not "entitled to relief in an ensuing federal case absent a showing that the federal prosecutor was involved in the state plea bargaining process, with the result that this process denied [defendant's] rights in some way." *Robinson v. United States*, 2009 WL 1211317, 2 n.1 (E.D. Mich. Apr. 30, 2009).

The USAO was not a party to Defendant's state court plea offer. It had no control over whether Defendant was offered a plea. The state prosecuting attorney made an offer without the USAO's approval, and then relayed that information later. *Id.* Defendant was only indicted in federal court after he had rejected the state's offer. This is not the federal "entanglement with the state plea process" that requires dismissing a federal indictment as in *Morris*. As with *McConer*, "the federal government had no involvement" with Defendant's state plea negotiations, "and there were no other problems with his representation." 530 F.3d at 494. As the Sixth Circuit found in *McConer*, dismissing the federal indictment would not be an appropriate remedy here.

**IV**

Accordingly, Defendants Motion for Remand, ECF No. 18, is **DENIED**.

Dated: October 23, 2012                                    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS